[Cite as *S. Russell Village v. Eisenberg*, 2024-Ohio-6003.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| SOUTH RUSSELL VILLAGE, | CASE NO. 2024-G-0023 |
| Plaintiff-Appellant, | |
| - vs - | Criminal Appeal from the Chardon Municipal Court |
| ERIC EISENBERG, | |
| Defendant-Appellee. | Trial Court No. 2023 CRB 00719 |

**O P I N I O N**

Decided: December 23, 2024
Judgment: Reversed and remanded

*Dennis M. Coyne*, Chardon Police Prosecutor, 1428 Hamilton Avenue, Cleveland, OH 44114 (For Plaintiff-Appellant).

*R. Robert Umholtz*, Geauga County Public Defender, and *Paul J. Mooney*, Chief Assistant Geauga County Public Defender, 211 Main Street, Chardon, OH 44024 (For Defendant-Appellee).

ROBERT J. PATTON, J.

{¶1}  Appellant, the State of Ohio ("State"), appeals the decision of the Chardon Municipal Court, granting appellee, Eric Eisenberg's ("Eisenberg"), Motion to Dismiss for Lack of Jurisdiction.

{¶2}  This case stems from alleged zoning ordinance violations made against Eisenberg. A complaint was filed on September 27, 2023, by Dave Hocevar, Building Official for South Russell Village, alleging that Eisenberg failed to comply with notice of his violations. The complaint stated that the notice was "to remove/dispose of or store

canoe, garbage debris/junk and to control vegetation throughout property in violation of 1480.02(a)(2) and 1480.02(c)" ordinances. A plea of not guilty was entered on October 30, 2023. Eisenberg filed a Motion to Dismiss for Collateral Estoppel on April 19, 2024. Appellant filed a Brief in Opposition to Motion to Dismiss on April 22, 2024. The trial court denied Eisenberg's motion. On April 24, 2024, Eisenberg, through counsel, filed Defendant's Motion to Dismiss for Lack of Jurisdiction.

{¶3} In his motion, Eisenberg claimed the State violated requirements for a charging instrument by charging two violations in a single instrument. Eisenberg further argued that the trial court did not obtain jurisdiction over the case because the facts alleged did not comport with the zoning ordinances that Eisenberg was alleged to have violated.

{¶4} Eisenberg's motion was filed at 1:22 p.m. on April 24, 2024. The trial court granted the motion, and filed an order at 1:50 p.m. on April 24, 2024, 28 minutes after the motion was filed. No hearing or opportunity for response was given. The record reveals that at the bottom of Eisenberg's motion, the words "Defective Rule 4. Granted," are written, followed by the trial court judge's initials and date.

{¶5} The State now timely appeals and asserts one assignment of error:

{¶6} [1.] "The trial court abused its discretion when it granted appellee's motion to dismiss on the day the motion was filed, without conducting an oral hearing and without affording the State of Ohio an opportunity to respond to the motion."

{¶7} Appellate courts review a trial court's decision on a motion to dismiss under a de novo standard of review. *State v. Fast*, 2021-Ohio-2548, ¶ 62 (11th Dist.) citing *State v. Rode*, 2011-Ohio-2455, ¶ 14 (11th Dist.).

2

**{¶8}** Crim.R. 48(B) provides:

> If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal.

**{¶9}** Crim.R. 47 provides in relevant part:

> To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.

**{¶10}** Crim.R. 12(F) in relevant part provides:

> The court may adjudicate a motion based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means.

**{¶11}** As noted above, and as asserted in the State's brief, the trial court granted Eisenberg's motion less than 30 minutes after it was filed. The trial court typed an order, signed it, and time stamped it, within 28 minutes.

**{¶12}** Crim.R. 48(B), Crim.R. 47, and Crim.R. 12(F) all contemplate the opportunity for the nonmoving party to be heard before the trial court grants a party's motion to dismiss.

**{¶13}** The Chardon Municipal Court Local Rules indicate the same.

**{¶14}** Chardon Loc.R. 10(C)(3) states:

> All parties opposing motions shall file and serve a memorandum in opposition to the motion that has been filed and served against them. All memoranda shall:
>
> (b) Be filed and served within fourteen (14) days from the time notice of the motion was received.

**{¶15}** The Chardon Municipal Court Loc.R. 10(E)(1) and (2) provides:

> E. Decisions:

3

Case No. 2024-G-0023

1. Motions shall be decided without oral hearings unless otherwise ordered by the Court, or unless required by law.

2. The Court may, for good cause shown, provide for an early disposition of any motion without the filing of memoranda by the parties. To expedite the business of the Court, the Court may decide any motion upon filing without notice to the parties when the motion addressed procedural matters only, is a request for an extension of time, is a request for leave to file Instanter, or is for a correction pursuant to Civ. R. 60(A) if supported by a showing of good cause made orally or in writing to the Court. In the event the opposing parties claim prejudice by the granting of such ex-parte relief, the Court will afford them, upon their request, an immediate oral hearing which shall be granted priority on the calendar of the Court.

{¶16} Chardon Loc.R. 15 states:

In all cases where the time for the filing and service of a notice or pleading is not otherwise fixed by law or applicable rule, a response to a pleading, motion, amended pleading, or other paper, shall be filed and served on or before the 14th day after the date of service of the pleading, motion, or other paper, requiring the response. Any reply to said response shall be filed and served on or before the seventh day after the date of service of the response.

{¶17} Chardon Municipal Court's Local Rules likewise contemplate an opportunity to respond, even requiring that where the parties claim prejudice by deciding a motion without notice, the court must hold an oral hearing upon their request and grant priority on the court's calendar.

{¶18} Here, the trial court granted Eisenberg's motion to dismiss without an opportunity to oppose the motion, in violation of the Ohio Criminal Rules of Procedure and the trial court's own local rules. The decision of the Chardon Municipal Court must be reversed and remanded for a decision consistent with this Court's opinion.

4

Case No. 2024-G-0023

{¶19} For the foregoing reasons, the decision of the Chardon Municipal Court is reversed and remanded.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.